REGER RIZZO & DARNALL LLP
**By: Richard M. Darnall, Esquire**
New Jersey Identification Number: 026441992
700 East Gate Drive, Suite 101
Mount Laurel, New Jersey 08054
Telephone: (856) 778-8950
Facsimile: (856) 778-8940
Electronic Mail: RDarnall@RegerLaw.com
*Attorneys for Defendants*, Urban Edge Properties and UE Bergen Mall Owner, LLC (improperly pled as "VNO Bergen Mall, LLC")

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Plaintiff,<br><br>MINGRUI PATERNO<br><br>v.<br><br>Defendants,<br><br>TARGET CORPORATION; TARGET – PARAMUS, #2381; STARBUCKS; VNO BERGEN MALL, LLC c/o L. OSTAPYSHYN; URBAN EDGE PROPERTIES; JOHN DOE 1 – 10 (fictitiously named); ABC Co. 1 – 10 (fictitiously named); and XYZ CORPORATIONS 1 – 10 (fictitiously named construction, maintenance, repair, and/or property management corporations) | IN THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY, NEWARK VICINAGE<br><br>CIVIL ACTION NO.: 2:21-cv-15458<br><br>**ANSWER OF DEFENDANTS, URBAN EDGE PROPERTIES and UE BERGEN MALL OWNER, LLC's (improperly pled as, "VNO Bergen Mall, LLC), ANSWER TO PLAINTIFF's COMPLAINT** |

Defendants, Urban Edge Properties and UE Bergen Mall Owner, LLC (improperly pled as "VNO Bergen Mall, LLC"), by way of response to Plaintiff's Complaint herein say:

**FIRST COUNT**

1. Denied. Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

2. Denied as stated. The owner of the property is UE Bergen Mall Owner, LLC. The remaining allegations of this paragraph are denied.

3. Denied. Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

4. The allegations of this paragraph set forth a legal conclusion to which no response is required nor made. To the extent said paragraph sets forth any allegations of fact, the allegations are denied.

5. The allegations of this paragraph set forth a legal conclusion to which no response is required nor made. To the extent said paragraph sets forth any allegations of fact, the allegations are denied.

6. The allegations of this paragraph set forth a legal conclusion to which no response is required nor made. To the extent said paragraph sets forth any allegations of fact, the allegations are denied.

**WHEREFORE**, Answering Defendants demand judgment in its favor together with interest, attorney's fees, and costs of suit.

## SECOND COUNT

1. Answering Defendants incorporate the above paragraphs as if same were set more fully at length herein.

2. The allegations of this paragraph set forth a legal conclusion to which no response is required nor made. To the extent said paragraph sets forth any allegations of fact, the allegations are denied.

3. The allegations of this paragraph set forth a legal conclusion to which no response is required nor made. To the extent said paragraph sets forth any allegations of fact, the allegations are denied.

**WHEREFORE**, Answering Defendants demand judgment in its favor together with interest, attorney's fees, and costs of suit.

## SEPARATE DEFENSES

1. Plaintiff's Complaint fails to set forth a cause of action upon which relief can be granted.

2. Defendants owed no duty to the Plaintiff(s).

3. Defendants breached no duty owed to the Plaintiff(s).

4. Defendants were guilty of no negligence whatsoever.

5. Any actions or omissions of Defendants alleged to constitute negligence were not substantial causes or factors of the subject incident and/or did not result in the injuries and/or losses alleged by the Plaintiff(s).

6. The negligent acts or omissions of other individuals and/or entities constituted intervening, superseding causes of the damages and/or injuries alleged to have been sustained by the Plaintiff(s).

7. Any damages sustained by the Plaintiff(s) was the result of third parties over whom Defendants had no control.

8. Plaintiff(s) had full knowledge of the circumstances and/or danger involved and knowingly assumed the risk thereof.

9. Plaintiff(s) failed to make reasonable observations and/or exercise reasonable caution.

10. The incident, injuries, and/or damages alleged to have been sustained by the Plaintiff(s) was not proximately caused by Defendants.

11. The incident and/or damages described in Plaintiff's Complaint were caused or contributed to by Plaintiff(s). As such, the claims of the Plaintiff(s) are barred or reduced by reason of the comparative negligence of the Plaintiff pursuant to the New Jersey Comparative Negligence Act N.J.S.A. 2A:15-5, et seq.

12. The property alleged to be defective by the Plaintiff(s) was not in any way defective but was maintained in a safe and reasonable manner.

13. The Summons and/or Complaint and/or the service thereof was insufficient.

14. Plaintiff(s) failed to mitigate the alleged damages.

15. Defendants had no actual or constructive notice of the allegedly defective and/or hazardous condition.

## CROSS-CLAIM FOR CONTRIBUTION

While denying any and all liability on their part, Answering Defendant hereby demands contribution from all present Co-defendants, as well as any and all Co-Defendants or Third Party Defendants joined after this date pursuant to the New Jersey Joint Tortfeasors Act and the New Jersey Comparative Negligence Act.

## CROSS-CLAIM FOR COMMON LAW and STATUTORY INDEMNIFICATION

While denying any and all liability, Answering Defendant hereby demands common law and/or statutory indemnification against all other present Co-defendants, as well as from all Co-defendants or Third Party Defendants joined after this date.

## CROSS-CLAIM FOR CONTRACTUAL INDEMNIFICATION

While denying any and all liability, Answering Defendant hereby demands indemnification by contract from all other present Co-defendants, as well as from all Co-defendants or Third Party Defendants joined after this date.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Urban Edge Properties and UE Bergen Mall Owner, LLC hereby demand a trial by jury as to all issues.

                                        **REGER RIZZO & DARNALL LLP**

                                        *Richard M. Darnall*

**DATED**: Friday, October 8, 2021      **By**:_____
                                         **RICHARD M. DARNALL, ESQUIRE**
                                         Attorneys for Defendants,
                                         Urban Edge Properties and UE Bergen Mall
                                         Owner, LLC

**CERTIFICATE OF SERVICE**

I certify that service of a true and correct copy of the responsive pleading to Plaintiff's Complaint, filed on behalf of Defendants, Urban Edge Properties and UE Bergen Mall Owner, LLC, was served to all counsel listed below via the United States District Court, District of New Jersey, Newark Vicinage, e-filing service on this 8th day of October 2021.

Brandon J. Broderick, Esquire

Brandon J. Broderick, LLC

65 East Route 4, First Floor

River Edge, New Jersey 07661

*Attorneys for Plaintiff*, Mingrui Paterno

Christopher E. McIntyre, Esquire

Fishman McIntyre Levine Samansky, P.C.

120 Eagle Rock Avenue

East Hanover, New Jersey 07936

*Attorneys for Defendants*, Target Corporation i/p/a Target Paramus #2381 and Target Paramus #2381

Respectfully submitted,

**REGER RIZZO & DARNALL LLP**

*Richard M. Darnall*

**DATED**: Friday, October 8, 2021          **By**:_____
                                                       **RICHARD M. DARNALL, ESQUIRE**
                                                       Attorneys for Defendants,
                                                       Urban Edge Properties and UE Bergen Mall Owner, LLC

Prolaw/21140/Pleadings/Insureds' Answer